UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| EVELYN MONTESINO | ) | |
| *Plaintiff,* | ) ) ) | C.A. NO. 1:22-CV-00011-JJM-PAS |
| vs. | ) ) ) ) | |
| FAY SERVICING, LLC; PARTNERS FOR PAYMENT RELIEF DEIV, LLC | ) ) ) | |
| *Defendants.* | ) ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**

Now comes the Plaintiff, by and through their undersigned counsel, whom respectfully request this Honorable Court to grant leave, thereby permitting Plaintiff to file an Amended Complaint adding additional allegations based on the more recently decided First Circuit opinion in Aubee v. Selene Finance, LP, 56 F.4th 1 (1st. Cir. 2022) and for the reasons as set forth herein.

**FACTUAL BACKGROUND**

On November 24, 2021, the Plaintiff filed the above-entitled action in Providence County Superior Court alleging breach of contract based and wrongful acceleration based on an alleged breach of the terms of her mortgage contract. The alleged breach was based on the Plaintiff's contention that the required pre-acceleration/ pre-foreclosure default notice purportedly sent to the Plaintiff on August 20, 2020, failed to state the conditions Plaintiff was required to meet in order to exercise her right to cure the breach and reinstate the mortgage after acceleration pursuant to Paragraph 18 of the Mortgage, including the fact that the right to reinstate and cure the breach expired 5 days before the sale.". Plaintiff alleges that "such a failure to notify the Plaintiff that the

breach may be cured and the mortgage reinstated prior to 5 days before the sale also constitutes a failure to inform the Plaintiff of a date not less than 10 days by which the breach may be cured pursuant to paragraph 17(c) of the mortgage". Furthermore, Plaintiff alleged that on July 26, 2021, Defendants, through their attorney Orlans PC, sent Plaintiff a purported acceleration notice that stated that the Plaintiff "*may* have the right to reinstate the Mortgage" which was not in strict compliance with proper notification of the unequivocal right to reinstate after acceleration.

On January 7, 2022, the Defendants removed this action to this Court and on May 1, 2023, the Defendants filed a motion for judgment on the pleadings to dismiss this case. Upon review of the Defendants' motion for judgment on the pleadings and the above noted documents, the Plaintiff hereby submits this motion to amend her complaint and have attached her proposed amended complaint as an exhibit to this motion. The Plaintiff's amendment is based on the First Circuit Court of Appeals recent decision in Aubee v. Selene Finance, LP 56 F.4th 1 (1st. Cir. 2022) on December 22, 2022. The Aubee decision demonstrated that additional language may negate otherwise strict compliance with the notice requirements of a mortgage by including language that has the potential to mislead the borrower regarding notification of the borrower's rights. It follows that additional language to be examined under the standard of strict compliance should also include subsequent communications such as the letter sent by Orlans on July 26, 2021 as well as additional language found in the original notice sent on August 20, 2020.

The Plaintiff's amended complaint specifically alleges, based on the recent Aubee decision, the following:

58. Furthermore, the notice contained additional and unnecessary language stating that "Failure to cure the default on or before this date may result in acceleration of the sums secured

by the Security Instrument, *foreclosure by judicial proceeding where applicable*, and sale of the property" (emphasis added).

59.    The inclusion of the additional and unnecessary words "*foreclosure by judicial proceeding where applicable*" inaccurately and misleadingly implies that the Defendants would foreclose by judicial proceeding since judicial foreclosure is an option by which to foreclose in Rhode Island. See, R.I.G.L. § 34-27-1.

60.    The Defendants' failure to inform the Plaintiff in the notice as to whether or not the Defendants will actually invoke a judicial foreclosure proceeding infringes upon the Plaintiff's independent and unequivocal right to affirmatively bring a court action which unequivocally exists at the time of the default and not after a judicial proceeding is initiated. Aubee v. Selene Finance, LP, 56 F.4th 1 (1st. Cir. 2022) ("borrowers could easily be misled into thinking that they have the option to choose between asserting their defenses in a foreclosure proceeding initiated by the mortgagee or asserting their defenses in their own court action, regardless of which type of foreclosure the mortgagee chooses.".)

61.    The Plaintiff must be informed and the Defendants failed to inform the Plaintiff that the unequivocal and independent right to affirmatively bring a court action exists without suggesting that the Plaintiff could wait for a judicial proceeding that will not occur. See Aubee v. Selene Finance, LP, 56 F.4th 1 (1st. Cir. 2022). ("But borrowers whose mortgagees utilize non-judicial foreclosures could be surprised to learn that they cannot in fact assert defenses 'in the foreclosure proceeding,' because a non-judicial foreclosure proceeding provides no opportunity to assert defenses.")

Upon review of the Aubee decision from the First Circuit in conjunction with the required pre-foreclosure default/right to cure notices in this case, Plaintiff's counsel discovered additional

language in the purported notice that appears to be problematic and not in strict compliance with the terms of the mortgage, particularly with regard to proper notification of the Plaintiff's unequivocal "right to bring a court action to assert the non-existence of a default or any other defense to foreclosure" ie. ('*foreclosure by judicial proceeding where applicable*"). Such additional and unnecessary language may serve to "potentially mislead" the Plaintiff into believing that she could wait for a judicial proceeding in order to present defenses to default and foreclosure when no such judicial proceeding will occur. Therefore, such language may conflict with the Plaintiff's right to bring a court action.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. Rule 15(a) a party may amend its pleadings by leave of court or by written consent of the adverse party; "[L]eave shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. "It is too late in the day, and entirely contrary to the spirit of the Federal Rules of Civil Procedure, for decisions on the merits to be avoided on the basis of such mere technicalities...The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome, and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Rule 15(a) declares that leave to amend "'shall be freely given when justice so requires'". If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

4

of amendment, etc. -- the leave sought should, as the rules require, be "'freely given'". Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178 (1962).

## ARGUMENT

In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "'freely given'". Plaintiff request here is not an undue delay. After the Defendants filed their motion to dismiss on May 17, 2022, Plaintiff's counsel worked diligently and in a timely fashion to further research the notices provided by the Defendants and revise the facts of the Plaintiff's case and upon discovery of enhancement to their allegations as presented in the Complaint their Counsel drafted the proposed Second Amended Complaint as attached hereto. Plaintiff has not asked for any extensions of time in this case and have filed this motion to amend within the time period allowed to respond to the Defendants' motion to dismiss.

Further, there is no evidence of bad faith or dilatory motive on the part of the Plaintiff. The Plaintiff has simply done more research and analysis into the facts of their case in light of the recently decided Aubee decision with respect to their allegations as well as consideration of the Defendants' motion to dismiss and exhibits with respect to their allegations and seek to present it in their amended complaint. In Aubee, the First Circuit recently analyzed similar unnecessary and additional language found in a pre-foreclosure default notice and reasoned that:

5

> "the use of the word 'the' preceding 'foreclosure proceeding' implies that there will in fact be a foreclosure proceeding at which the borrowers will be able to assert defenses in all circumstances. Naturally, many borrowers would elect to skip the hassle of bringing a court action and opt instead to assert their defenses 'in the foreclosure proceeding'. This would work out fine for the borrowers whose mortgages decide to go the judicial foreclosure route. But borrowers whose mortgagees utilize non-judicial foreclosures could be surprised to learn that they cannot in fact assert defenses 'in the foreclosure proceeding', because a non-judicial foreclosure proceeding provides no opportunity to assert defenses. The only opportunity for those borrowers to assert their defenses would be in a court action that they brought themselves. For these reasons, the notice is misleading and fails to strictly comply with paragraph 22. See, e.g., Pinti, 33 N.E. 3d at 1222" See Aubee, 20-1321 (Dec. 21, 2022) p. 14.

In this case, the notice states that "Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument, *foreclosure by judicial proceeding where applicable*, and sale of the property".(emphasis added). The language referencing a "judicial proceeding" is problematic because Rhode Island foreclosure law provides for both judicial and non-judicial foreclosure and the notice fails to state whether or not the Defendants will initiate a judicial or non-judicial foreclosure, thereby leaving the Plaintiff in the dark as to whether or not she may save the expenses of bringing a court action and wait for a judicial proceeding brought by the Defendants in order to present her defenses to foreclosure. Therefore, the borrower may be misled into believing that she may wait for a judicial proceeding in order to present defenses to foreclosure rather than affirmatively bringing a court action as this unnecessary language may infringe upon the Plaintiff's unequivocal right to affirmatively bring a court action.

Rather than set any context or accuracy, the Plaintiff avers that the additional and unnecessary reference to a judicial proceeding in the notice only serves to infringe upon the Plaintiff's unequivocal and independent right to affirmatively bring a court action. For the language implies that a judicial proceeding may be initiated when it is clear that the Defendants never intended to initiate a judicial proceeding in the first place.

The Plaintiff's right to bring a court action is an independent and unequivocal right that exists at the time of the default rather than a right to wait and defend after a judicial proceeding is already initiated. Furthermore, the Defendants' failure to inform the Plaintiff as to whether the Defendants will actually invoke a judicial foreclosure proceeding infringes upon the Plaintiff's independent and unequivocal right to affirmatively bring a court action which unequivocally exists at the time of the default and not after a judicial proceeding is initiated. Thus, the Plaintiff must be informed that the unequivocal and independent right to affirmatively bring a court action exists without suggesting that the Plaintiff could wait for a judicial proceeding that will not occur.

In Wilmington Savings Fund Society, FSB v. Johnson, C.A. No. PC-2018-0576 (Feb. 21, 2019) Rhode Island Superior Court Judge Jeffrey Lanphear explored the history and use of judicial foreclosures in the State of Rhode Island. In Johnson Judge Lanphear explained that "[G]iven the ease of foreclosing without court litigation, judicial foreclosure became uncommon and were, in practice, reserved for clearing titles with ancient mortgages which were never discharged, or other title issues" and that "[J]udicial process under R.I.G.L. § 34-27-1 is generally used only where there is a title defect that must be cured by the court." Id. *Citing* now R.I. Superior Court Justice Joseph A. Montalbano, Esq., *Equity Actions: Clearing Clouds on Title* (May 1998) and Charles A. Lovell and Michael B. Mellion, *A Practical Guide to Residential Real Estate Transactions and Foreclosure in Rhode Island* § 10.1.1, *Methods of Foreclosure in Rhode Island* (1st ed. 2012). Furthermore, in light of Judge Lanphear's legitimate concern that judicial foreclosures were more recently being used by mortgagees to "avoid the protections set forth by our legislature in the statutory foreclosure laws" as set forth in the Rhode Island Foreclosure Mediation Statute under R.I.G.L. § 34-27-3.2, the Court sought "to ensure that the judicial foreclosure method is used only where necessary". Likewise, the Johnson Court ordered that "the party seeking to foreclose by

7

judicial foreclosure shall set forth the reasons for seeking foreclosure in an affidavit to be submitted to the Court" that explained the following:

> "a. What attempts were undertaken to mediate with the mortgagors-owners, including copies of all notices offering mediation, and identifying the results of all attempts at mediation;
> b. What impediments, if any, limit the ability of the parties to mediate;
> c. Whether the moving party seeks to avoid mediation;
> d. Why judicial foreclosure is desired over statutory foreclosure;
> e. Why a mediation was not commenced and completed within the timeframe of § 34-27-3.2, id it was not;
> f. Identify precisely any defects in title to be cured;
> g. Identify whether there is a statutory power of sale in the mortgage documents, the amount of the original debt, the amount of the current debt, the amount currently in arrears, the date the mortgage first went into default, the date on which the mortgagors-owners were initially warned of the likelihood of foreclosure and attach a copy of each notice therof;
> h. Identify the present location of the original promissory note and attach a copy thereof; and
> i. Attach copies of all assignments of the mortgage which have not been recorded".

Additionally, the Johnson Court found that "judicial foreclosure is a unique, expensive method of foreclosing selected by the mortgagee-lender. Accordingly, the Court holds that the foreclosing party shall bear all expenses of foreclosure, including attorneys' fees, court costs and advertising, and not pass these debts onto the amount of debt, arrearage, or lien." Id.

The Johnson opinion described above indicates that regardless of the language in the notice referencing a judicial foreclosure proceeding the Defendants had no intention of ever initiating a judicial foreclosure proceeding as there were no known title issues regarding the mortgage or the property in question and the Appellee would logically not initiate this "unique" and "expensive" method of foreclosing for no known reason. The decision to initiate a judicial foreclosure proceeding was not just a simple choice that the Defendants opted out of. Nevertheless, whether or not the Defendants initiated a judicial foreclosure proceeding or not had absolutely no bearing on the Plaintiff's' unequivocal and independent right to bring a court action to assert the non-

8

existence of a default and had no place in a Paragraph 22 notice under a standard of strict compliance.  For if a homeowner receives this notice and has a right to independently bring a court action, the notice's reference to a judicial proceeding may potentially induce and mislead the homeowner to believe that he or she may wait for a proceeding that will never come.  Moreover, there may be other factors such as the costs of bringing a court action that may induce the homeowner into believing that he or she would rather wait for a judicial proceeding that will never come.  Therefore, the notice's reference to a judicial proceeding is additional extraneous and unnecessary information that only served to infringe upon the Plaintiff's' independent and unequivocal right to bring a court action.

Moreover, there is no undue prejudice to the Defendants. While "delay in moving to amend also increases the risk that the opposing party will not have an adequate opportunity to prepare his case on the new issues raised by the amended pleading." (See Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 1488 at 670-71 (1990)), those concerns are absent here. In fact, the Defendants have been on notice of Plaintiff's claims regarding the ineffectiveness of their notices, foreclosure and sale since the initial complaint was filed on November 21, 2021.

Permitting Plaintiff to amend at this stage would not reduce Defendants ability to defend this action. "Courts denying motions to amend have often done so because the proposed amended complaint would complicate litigation at the last minute." Id.  Plaintiff, however, are not seeking to amend their complaint on the eve of trial, or after a lengthy discovery process has already concluded. In fact, the herein motion, rather than complicating this litigation, actually reduces it by eliminating legal theories.

Moreover, most courts accept that Rule 15(c) provides that a properly granted amendment shall relate back to the date of the original pleading. "The parameters of this relation-back doctrine

9

incorporate several underlying policies, not the least of which is to ameliorate the effect of the statute of limitations." (See <u>Mainella v. Staff Builders Ind. Svcs. Inc.</u>, 608 A.2d 1141, 1143 (R.I. 1992) citing <u>Siegel v. Converters Transportation, Inc.</u>, 714 F.2d 213, 216 (2d Cir. 1983)); (<u>6A Wright, Miller & Kane, Federal Practice and Procedure</u>: Civil 2d § 1497 (1990). Specifically, the relation back test is "whether the amended pleading alleges a matter that arises out of the same 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" Id. citing Super. R. Civ. P. R. 15(c). Plaintiff assert that they have satisfied the requisite relation back test found in Rule 15(c). Specifically, the Proposed Amended Complaint relies on the previously alleged grounds that the breach of contract as alleged and the resulting wrongful foreclosure and sale arose out of similar conduct as set out – or as attempted to be set out – in the original pleading.

## CONCLUSION

Plaintiff herein assert that they have demonstrated that there is no evidence of undue delay on their part in requesting leave to amend, that there exists no evidence of bad faith on their part, there have been no previous requests to amend, that Defendants will not be prejudiced by their request herein, that their proposed amendments are not futile, and that the proposed amended pleading alleges matters that arise out of the same conduct, transaction, or occurrence set forth in the original pleading.

WHEREFORE, for the reasons as stated in the foregoing, the Plaintiff, by and through their undersigned Counsel, hereby respectfully request this Honorable Court to grant them leave to Amend their Complaint pursuant to Fed. R. Civ. P. Rule 15(a).

Dated: May 19, 2023

                                                  Respectfully Submitted, Plaintiff,
By her Attorney,
Todd S. Dion, Esq.

/s/ *Todd S. Dion*
Todd S. Dion, Esq. (6852)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

## CERTIFICATE OF SERVICE

      I hereby certify that on May 19, 2023, a copy of the foregoing document, filed through the CM/ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage prepaid on the parties listed on the NEF as not receiving electronic notice.

                                                                   */s/ Todd S. Dion*